# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| **LANDIS DALE JOSEPH SPEIGHT,** : | |
| : | |
| **Plaintiff,** : | |
| : | **CIVIL ACTION FILE NO.** |
| v. : | **1:18-cv-00988-TWT-AJB** |
| : | |
| **XEROX CORPORATION,** : | |
| : | |
| **Defendant.** : | |

### UNITED STATES MAGISTRATE JUDGE'S ORDER
### AND FINAL REPORT AND RECOMMENDATION

This matter is currently before the Court on Plaintiff Landis Dale Joseph Speight's application to proceed *in forma pauperis*. [Doc. 1]. For the reasons set forth herein, the undersigned **GRANTS** Plaintiff's request to proceed *in forma pauperis* ("IFP"), and after conducting a frivolity review pursuant to 28 U.S.C. § 1915(e), **RECOMMENDS** that Plaintiff's complaint, [Doc. 1-1], be **DISMISSED**.

*I.   Introduction*

Plaintiff, proceeding *pro se*, seeks to bring a civil action against Xerox Corporation ("Defendant" or "Xerox") pursuant to the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.* (*See* Complaint [Doc. 1-1]).

AO 72A
(Rev.8/82)

Instead of paying the filing fee to bring his claims in federal court, Plaintiff requests permission to proceed IFP.  [Doc. 1].  The Court first resolves Plaintiff's IFP application and then proceeds to determine whether Plaintiff's complaint is frivolous.

## II.    **In Forma Pauperis** *Application*

In his affidavit supporting his application to proceed *in forma pauperis*, Plaintiff states that he has been unemployed for over two years and that his only income is $1,753.00 he receives in monthly Social Security benefits.  Plaintiff reports that he has no bank accounts, cash on hand, or any other assets.

Plaintiff reports average monthly expenses of $1,825.64, made up of $440 for housing, $195 for utilities, $150 for food, $50 for clothing, $100 for laundry and dry cleaning, $26.75 for transportation, $263.89 for motor vehicle insurance, $400 for credit card installment payments, and $200 for department store installment payments. He also states that a thirty-five-year-old daughter relies on him for support.

The Court "may authorize the commencement . . . of any suit, action, or proceeding . . . without payment of fees and costs or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner [1] possesses

---

[1]    Although Congress used the word "prisoner" here, Section 1915 applies to non-prisoner indigent litigants as well as prisoners. *Martinez v. Kristi Kleaners, Inc.*,

2

that the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a). This section is intended to provide indigent litigants with meaningful access to court. *Adkins v. E.I. duPont de Nemours & Co.*, 335 U.S. 331, 342-43 (1948); *Neitzke v. Williams*, 490 U.S. 319, 324 (1988); *see also Attwood v . Singletary*, 105 F. 3d 610, 612 (11th Cir. 1997) (Section 1915 is designed to ensure "that indigent persons will have equal access to the judicial system."). Thus, § 1915 authorizes suits without the prepayment of fees and costs for indigent plaintiffs. *Demon v. Hernandez*, 504 U.S. 25, 27 (1992).

It bears emphasizing that § 1915 creates no absolute right to proceed in civil actions without payment of costs. Instead, the statute conveys only a privilege to proceed to those litigants unable to pay costs without undue hardship. *Startti v. United States*, 415 F.2d 1115, 1116 (5th Cir. 1969).[2] Moreover, while the privilege of proceeding *in forma pauperis* does not require a litigant to demonstrate absolute destitution, it is also clear that "something more than mere statement and an affidavit

---

364 F.3d 1305, 1306 n.1 (11th Cir. 2004).

[2]     In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

3

that a man is 'poor' should be required before a claimant is allowed to proceed in forma pauperis." *Levy v. Federated Dep't Stores*, 607 F. Supp. 32, 35 (S.D. Fla. 1984); *Evensky v. Wright*, 45 F.R.D. 506, 507-08 (N.D. Miss. 1968). The affidavit required by the statute must show an inability to prepay fees and costs without foregoing the basic necessities of life. *Adkins*, 335 U.S. at 339; *Zuan v. Dobbin*, 628 F.2d 990, 992 (7th Cir. 1980).

Because Plaintiff is experiencing long-term unemployment, his assets are limited,[3] and his income is insufficient to meet even his modest costs of living, the Court finds that Plaintiff cannot pay the fees or costs associated with this lawsuit without foregoing the basic necessities of life. The Court therefore **GRANTS** Plaintiff's request to proceed IFP.

## III.   *Frivolity Review*

Because the Court has determined that Plaintiff may proceed IFP, the Court must perform a frivolity review. Under 28 U.S.C. § 1915(e), a court must "*sua sponte* dismiss [an indigent non-prisoner's] complaint or any portion thereof which is

---

[3]   Plaintiff's report that he maintains car insurance suggests that he may own an automobile he failed to report as an asset. [*Compare* Doc. 1-1 at 3 *with id.* at 5]. Even if that were the case, the Court finds that car ownership would not establish that Plaintiff has the means to pay the Court's filing fees without unreasonable hardship.

4

AO 72A
(Rev.8/82)

frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune." *Robert v. Garrett*, No. 3:07-cv-625, 2007 WL 2320064, at *1 (M.D. Ala. Aug. 10, 2007); *see also* 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). A claim is frivolous under § 1915(e)(2)(B)(i) "if it is 'without arguable merit either in law or fact.'" *Napier v. Preslicka*, 314 F.3d 528, 531 (11th Cir. 2002) (quoting *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001)).

In his complaint, Plaintiff states that he had worked for Xerox for more than fourteen years when his employment was terminated on June 13, 2014, in a reduction in force. [Doc. 1-1 at 7, 11]. At the time of his termination, he was told that he was eligible for re-hire after six months. [*Id*.]. After the six months expired, he applied for thirty-five positions in the United States and abroad but was not hired. [*Id*.]. In one instance, in June 2015, when he was sixty-one years old, he applied for a Production Control Specialist position, and although he had experience in the position, Xerox hired an individual with no such experience. [*Id*. at 7, 10-11]. When he learned he was not hired, Plaintiff filed a complaint with the Equal Employment Opportunity Commission

("EEOC"), alleging discrimination based on his age.[4]  [*Id.* at 7, 11].  The EEOC issued Plaintiff a notice of right to sue on August 18, 2017.  [*Id.* at 12].

On March 6, 2018, Plaintiff filed the application to proceed IFP and associated complaint that are presently before the Court.  [Doc. 1].  In the complaint, Plaintiff raises claims under the ADEA, alleging that Defendant discriminated against him on the basis of his age when it refused to rehire him.  [Doc. 1-1 at 7].

The ADEA prohibits employers from failing or refusing to hire any individual because of the individual's age.  29 U.S.C. § 623.  It is at best questionable whether Plaintiff has stated a plausible claim for age-based employment discrimination, as he did not state the age of the person who was offered the Production Control Specialist position or make any factual allegations to support his claim that he was not hired because of his age other than the fact that he was sixty-one years old at the time of the hiring decision.  [*See generally* Doc. 1-1].

It is possible that with more careful pleading, Plaintiff could state facts establishing a prima facie case of age-based employment discrimination.  However, it is clear that such repleading would be futile because Plaintiff's initiation of this lawsuit

---

[4]  Plaintiff filed Charge Number 410-2016-00814 on or about January 7, 2016.  [Doc. 1-1 at 11].

6

was untimely. An ADEA action may not be brought more than ninety days after a complainant has adequate notice that the EEOC has dismissed the charge of discrimination. 42 U.S.C. § 2000e-5(f)(1); *Marshall v. Dentfirst, P.C.*, No. 1:14-cv-2421-WSD, 2016 WL 4396125, at *4, n.10 (N.D. Ga. Aug. 18, 2016) (Duffey, J.) (citing *Santini v. Cleveland Clinic Fla.*, 232 F.3d 823, 825 (11th Cir. 2000)). Here, the notice of right to sue bears a date stamp of August 18, 2017, [Doc. 1-1 at 11], and Plaintiff concedes that he received the notice of right to sue in October 2017, yet Plaintiff did not initiate this lawsuit until March 6, 2018, [Doc. 1]—126 days after October 31, 2017, and thus clearly more than 90 days after he received the notice.

The time limit is, of course, non-jurisdictional, and it is therefore "subject to equitable tolling, permitting a court to disregard the late filing under certain circumstances." *Gant v. Jefferson Energy Co-op*, 348 Fed. Appx. 433, 434 (11th Cir. Sept. 21, 2009). Equitable tolling principles require a plaintiff to justify his untimely filing by showing extraordinary circumstances, such as "fraud, misinformation, or deliberate concealment." *Id.* (citing *Jackson v. Astrue*, 506 F.3d 1349, 1353 (11th Cir. 2007)). "Equitable tolling is an extraordinary remedy which should be extended only sparingly." *Bost v. Fed. Express Corp.*, 372 F.3d 1233,

7

1242 (11th Cir. 2004) (quoting *Justice v. United States*, 6 F.3d 1474, 1479 (11th Cir. 1993) (internal quotation marks omitted)). The plaintiff must establish that tolling is warranted. *Id.* (citing *Justice*, 6 F.3d at 1479). Equitable tolling is not appropriate when a plaintiff fails to act with due diligence or is negligent. *See id.*; *see also Arce v. Garcia*, 434 F.3d 1254, 1261 (11th Cir. 2006) (noting that equitable tolling is only appropriate when an untimely filing is due to "*extraordinary circumstances* that are both beyond his control and unavoidable even with diligence" (emphasis in original) (quoting *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999) (per curiam))). While it is possible that other circumstances might justify equitable tolling, " 'the principle of equitable tolling does not extend to what is at best a garden variety claim of excusable neglect [by the plaintiff].' " *Portis v. World Omni Finance*, No. Civ.A. 00–0047–CB–M, 2000 WL 726220, at *3 (S.D. Ala. May 16, 2000) (quoting *Bryant v. United States Dep't of Agriculture*, 967 F.2d 501, 504 (11th Cir. 1992) (alteration in *Portis*)). In other words, "where the plaintiff's failure to file was caused by plaintiff's own negligence, the limitations period will not be equitably tolled." *Bryant, id.* (citing *Smith v. McClammy*, 740 F.2d 925 (11th Cir. 1984)).

8

Viewing Plaintiff's allegations as true and in the light most favorable to him, they do not show extraordinary circumstances warranting the application of equitable tolling. He states that he did not receive his notice of right to sue and his EEOC file until October 2017; he experienced long waiting times for return telephone calls or correspondence from attorneys he contacted; he experienced a long delay in receiving requested forms from this court; and he "filed statements to District Court [sic] within 90 days requesting forms [sic] and seeking attorney representation." [Doc. 1-1 at 10]. But these explanations do not address why Plaintiff was unable to file his complaint at any point during the ninety-day period following the date he admits to have received his notice of right to sue. *See, e.g., Brown v. John Deere Prod., Inc.*, 460 Fed. Appx. 908, 910 (11th Cir. Mar. 16, 2012) (equitable tolling not justified by allegations of home invasion or inaction of the part of the district court clerk's office); *Conde v. Truck Drivers & Helpers Local Union No. 728*, Civ. Action No. 1:17-cv-00078-TWT-JCF, 2017 WL 5588932, at *5 (N.D. Ga. Oct. 25, 2017) (Fuller, M.J.) (equitable tolling not justified by plaintiff's allegations that her attorney stopped representing her, her laptop was stolen, and her mother died), *adopted by* Thrash, J., 2017 WL 5573024 (N.D. Ga. Nov. 20, 2017); *Portis*,

9

2000 WL 726220 at *3 (equitable tolling not justified by plaintiff's allegations that the EEOC delayed sending her file, that efforts to obtain legal counsel delayed filing, and that she had neck pain following a motor vehicle accident); *Harris v. Specialty Furnishings, Inc.*, Civ. Action File No. 1:06-CV-1841-MHS, 2008 WL 11407417, at *4 (N.D. Ga. Jan. 15, 2008) ("[T]he lack of legal representation does not trigger equitable tolling."), *adopted at* 2008 WL 11407437 (N.D. Ga. Feb. 11, 2008); *cf. Stamper v. Duval Cnty. Sch. Bd.*, 863 F.3d 1336, 1342 (11th Cir. 2017) (finding that the plaintiff had not met her burden of showing that her mental illness equitably tolled the limitations period for her Title VII and ADA claims because she did not show that the condition prevented her from filing suit).

Additionally, the notice of right to sue contained a notice of suit rights expressly setting out the deadline for filing suit:

> **Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act**: This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost.

10

[Doc. 1-1 at 12 (emphasis in original)]. It is therefore inarguable that Plaintiff received notice of the filing deadline and the repercussions for failing to timely file suit.

Accordingly, the undersigned concludes that Plaintiff's complaint against the Xerox is subject to dismissal under 28 U.S.C. § 1915(e)(2)(B) for untimely filing.

## IV.   *Conclusion*

For the reasons set out above, the undersigned **GRANTS** Plaintiff's IFP application, [Doc. 1], but **RECOMMENDS** that Plaintiff's complaint, [Doc. 1-1], be **DISMISSED** as frivolous pursuant to 28 U.S.C. § 1915(e).[5]

The Clerk is **DIRECTED** to terminate the reference to the undersigned.

---

[5] The Eleventh Circuit has stated, "[w]here it appears that a more carefully drafted complaint might state a claim, the district court should give a pro se plaintiff an opportunity to amend his complaint instead of dismissing it." *Schmitt v. U.S. Office of Personnel Mgmt.*, 403 Fed. Appx. 460, 462 (11th Cir. Nov. 23, 2010) (citing *Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991), *overruled on other grounds by Wagner v. Daewoo Heavy Indus. Am. Corp.*, 314 F.3d 541, 542 (11th Cir. 2002) (en banc)). "Dismissal with prejudice is proper, however, if . . . a more carefully drafted complaint could not state a valid claim." *Jemison v. Mitchell*, 380 Fed. Appx. 904, 906 (11th Cir. May 27, 2010). Plaintiff should not be afforded an opportunity to amend in this case given the deficiencies outlined in the main text. *See Johnson v. Irby*, 403 Fed. Appx. 465, 468 n.3 (11th Cir. Nov. 23, 2010) (noting that plaintiffs are not entitled to replead where amendment would be futile). As a result, the undersigned **RECOMMENDS** that the District Court **NOT PROVIDE** Plaintiff with an opportunity to amend.

11

**IT IS SO ORDERED and DIRECTED**, this the 26th day of March, 2018.

_____
ALAN J. BAVERMAN
UNITED STATES MAGISTRATE JUDGE

12